UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES EDWARD HAYNES**<br>    Plaintiff | CIVIL ACTION NO. 2:22-cv-00143 |
| **VERSUS** | JUDGE: MARY ANN VAIL LEMMON |
| **J&S FAST TRANSPORTATION CORP, ET AL**<br>    Defendants | MAGISTRATE: KAREN WELLS ROBY |

## PLAINTIFF'S FIRST AMENDING AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, CHARLES EDWARD HAYNES, who amends and supplements his original Complaint filed in the above captioned matter in the following respects:

I.

By adding Paragraph 3(a) to the original Complaint filed herein to read as follows:

"3(a).

Made defendant herein is FAST TREE SERVICES, INC., a foreign corporation, limited liability company and/or other legal entity, domiciled and authorized to do and doing business in the State of Florida, which may be served through its registered agent for service of legal process, Concepcion Serrano, 527 Zamora Avenue, Coral Gables, Florida, 33134."

II.

By adding Paragraph 3(b) to the original Complaint filed herein to read as follows:

"3(b).

Made defendant herein is GREAT WEST CASUALTY COMPANY, a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of

Louisiana, which may be served through its registered agent for service of legal process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809."

III.

By amending Paragraph 4 of the original Complaint filed herein to read as follows:

"4.

This Honorable Court has jurisdiction over this civil action because the Plaintiff, CHARLES EDWARD HAYNES, and the Defendants, J&S FAST TRANSPORTATION CORP, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, RAFAEL SPECK, FAST TREE SERVICES, INC. and GREAT WEST CASUALTY COMPANY are citizens of different states and the amount in controversy exceeds $75,000."

IV.

By amending Paragraph 5 of the original Complaint filed herein to read as follows:

"5.

This is a civil action to recover all damages sustained by Plaintiff for personal injuries, and other injuries against the above named Defendants, J&S FAST TRANSPORTATION CORP, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, RAFAEL SPECK, FAST TREE SERVICES, INC., and GREAT WEST CASUALTY COMPANY (sometimes hereinafter referred to collectively as "Defendants"), each of whom are liable jointly, severally and *in solido* unto Plaintiff in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid and for all costs of these proceedings, for the following, to-wit:"

V.

By amending Paragraph 6 of the original Complaint filed herein to read as follows:

"6.

Plaintiff, CHARLES EDWARD HAYNES, alleges upon information and belief that on or about February 23, 2021, he was operating a 2017 Kenworth Truck, owned by Dart Transit, traveling eastbound in the right lane on Interstate 12, in the Parish of St. Tammany, State of Louisiana. Following behind him was RAFAEL SPECK, who, was operating a 2006 Volvo Truck owned by J&S FAST TRANSPORTATION CORP and/or FAST TREE SERVICES, INC. on their behalf. While traveling eastbound on Interstate 12, the HAYNES vehicle came to a complete stop due to traffic congestion ahead. The SPECK vehicle failed to see that the HAYNES vehicle was stopped in front of him and unsuccessfully attempted to avoid the collision by swerving to the left only to strike the rear bumper of the HAYNES vehicle, and thereby causing the damages complained of herein. RAFAEL SPECK was cited for Careless Operation."

VI.

By adding Paragraph 6(a), 6(b), 6(c) and 6(d) to the original Complaint filed herein to read as follows:

"6(a).

Plaintiff alleges upon information and belief that at the time of the said accident defendant, RAFAEL SPECK, was in the course and scope of his employment with J&S FAST TRANSPORTATION CORP and/or FAST TREE SERVICES, INC. and driving the vehicle with the permission of the owner, J&S FAST TRANSPORTATION CORP and/or FAST TREE SERVICES, INC. "

"6(b)

Plaintiff further alleges upon information and belief that there existed a lessor/lessee agreement between defendant J&S FAST TRANSPORTATION CORP and defendant FAST TREE

SERVICES, INC wherein each of said defendants retained and maintained control over the work and person of defendant RAFAEL SPECK which arrangement, under the Federal Motor Carrier Safety Act, make each of said defendants liable for the torts of RAFAEL SPECK."

"6(c)

Plaintiff further alleges upon information and belief that at the time of the crash made the basis of this suit, that RAFAEL SPECK, during the course of his employment with defendant FAST TREE TRANSPORTATION CORP was using and displaying the US DOT number of the defendant FAST TREE SERVICES, INC which use makes defendant FAST TREE SERVICES, INC. liable to plaintiff under the "placard liability" provisions of the Federal Motor Carrier Safety Act."

"6(d)

Plaintiff further alleges upon information and belief that shortly after the motor vehicle crash complained of herein that RAFAEL SPECK supplied the investigating officers with the insurance card of, and represented to the police, that the vehicle he was operating at the time of the crash was in fact insured by PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, thus confirming that said insurer provided insurance liability coverage for this loss."

VI.

By amending Paragraph 7 of the original Complaint filed herein to read as follows:

"7.

At the time of the collision referred to in paragraph 6 above, there existed a policy or policies of insurance which provided automobile liability insurance coverage for Defendants, J&S FAST TRANSPORTATION CORP, FAST TREE SERVICES, INC. and/or RAFAEL SPECK, and/or the vehicle RAFAEL SPECK was driving at the time of this incident. This coverage was for the benefit of Plaintiff, CHARLES EDWARD HAYNES, and provided by PROGRESSIVE COMMERCIAL

D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY through a policy or policies of insurance, the provisions of which make Defendant, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, liable for the injuries and damages suffered by Plaintiff."

VIII.

By adding Paragraph 7(a) to the original Complaint filed herein to read as follows:

"7(a).

Plaintiff, CHARLES EDWARD HAYNES, alleges upon information and belief that at the time of the accident, there was in full force and effect a policy or policies of uninsured/underinsured motorist insurance which was issued by the defendant, GREAT WEST CASUALTY COMPANY, under the terms of which the defendant agreed to insure and indemnify the named insured, Dart Transit and/or CHARLES EDWARD HAYNES as a permissive driver, for uninsured/underinsured motorist coverage as provided therein.  Further, upon information and belief, it is believed by the parties hereto that the insurance coverage in force and effect for the defendants, J&S FAST TRANSPORTATION CORP, FAST TREE SERVICES, INC. and/or RAFAEL SPECK, will be insufficient or inadequate to cover the injuries and damages suffered by CHARLES EDWARD HAYNES and as such, he avails himself of the provisions of the appropriate statutes of the State of Louisiana, which provide in substance that if the contract of liability insurance issued by PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, in favor of defendants J&S FAST TRANSPORTATION CORP, FAST TREE SERVICES, INC. and/or RAFAEL SPECK is inadequate to cover the damages of CHARLES EDWARD HAYNES, the said defendants J&S FAST TRANSPORTATION CORP, FAST TREE SERVICES, INC. and/or RAFAEL SPECK pursuant to said statutes, becomes an uninsured/underinsured motorist for all sums

for which they are liable above the coverage, if any, provided by PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, and, as such, Plaintiff CHARLES EDWARD HAYNES alleges that he has a direct cause of action against GREAT WEST CASUALTY COMPANY under the uninsured/underinsured motorist provision of the aforesaid contract of insurance with that insurance company for all damages in excess of those provided by PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, in this instance."

IX.

By amending Paragraph 8 of the original Complaint filed herein to read as follows:

"8.

Plaintiff alleges upon information and belief that the collision and resulting damages were caused solely and/or proximately by the individual or individuals named herein and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of the Defendants, J&S FAST TRANSPORTATION CORP, FAST TREE SERVICES, INC. and RAFAEL SPECK, their employees, agents and servants, which negligence and/or fault and/or want of care and/or strict liability is imputed to Defendant, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, and which negligence and/or fault and/or want of care and/or strict liability consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

1. Failing to stop and/or failing to allow an assured clear stopping distance between his vehicle and the Haynes vehicle which was forward of him;
2. Being inattentive and/or distracted;
3. Driving at an excessive speed;

4. Failing to avoid a collision and/or striking a properly stopped vehicle from the rear;

5. Failing to maintain control over his vehicle and/or driving in a careless and/or reckless manner and failing to obey the traffic laws of the state of Louisiana;

6. Driving negligently in violation of rules and laws designed to provide for the safety of the public; and

7. All other acts and/or omissions constituting negligence and/or fault and/or want of care and/or which form the basis of strict liability which are proven at the time of trial and/or revealed in discovery.

All of which said acts and/or omissions are in direct violation of the laws, statutes and ordinances of the State of Louisiana and/or the Parish of St. Tammany, which said laws, statutes and ordinances are pled herein as if copied in extenso."

X.

All the allegations of Plaintiff's original Complaint, not inconsistent with the purpose of the above and foregoing First Amending and Supplemental Complaint, be repeated and reiterated as if recited herein in extenso.

WHEREFORE, Plaintiff, CHARLES EDWARD HAYNES, prays that:

1) This First Amending and Supplemental Complaint be filed as prayed for and according to law;

2) All the allegations and prayers for relief contained in Plaintiff's original Complaint be repeated and reiterated as if recited herein in extenso, including all claims and prayers for damages and attorney's fees as alleged therein and herein;

3) Defendant FAST TREE SERVICES, INC. be duly served with a copy of Plaintiff's original Complaint and this First Amending and Supplemental Complaint through its agent for

process of legal service, Concepcion Serrano, 527 Zamora Avenue, Coral Gables, Florida, 33134, and be cited to appear herein and answer same;

4) Defendant J&S FAST TRANSPORTATION CORP be served with a copy of this First Amending and Supplemental Complaint;

5) Defendant, GREAT WEST CASUALTY COMPANY be duly served with a copy of Plaintiff's original Complaint and this First Amending and Supplemental Complaint through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809, and be cited to appear herein and answer same;

6) Defendant, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, be duly served with a copy of this First Amending and Supplemental Complaint via CM/ECF system and be cited to appear herein and answer same;

7) After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of Plaintiff, CHARLES EDWARD HAYNES, and against the Defendants, J&S FAST TRANSPORTATION CORP, PROGRESSIVE COMMERCIAL D/B/A PROGRESSIVE EXPRESS INSURANCE COMPANY, RAFAEL SPECK, FAST TREE SERVICES, INC. and GREAT WEST CASUALTY COMPANY, jointly, severally and *in solido*, in an amount of damages as is just and reasonable in the premises, including property damages together with legal interest from and after the date of judicial demand, until paid and for all costs of these proceedings including the fees of expert witnesses; and

8) For all general and equitable relief allowed in these premises.

Respectfully Submitted By:

Delphin Law Offices, PLC
626 Broad Street
Lake Charles, Louisiana 70601
Telephone:  (337) 439-3939
Facsimile:  (337) 439-4504


_____*S/Mark A. Delphin*_____
Mark A. Delphin, Bar Roll #04850
Email:  markdelphin@delphinlaw.com
Danielle C. Claiborne, Bar Roll #33525
Email:  dani@delphinlaw.com
Attorneys for Charles Edward Haynes

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Complaint was filed electronically with the United States Clerk of Court for the Eastern District of Louisiana, using the CM/ECF system.  Notice of this filing will be served upon all named parties.

Lake Charles, Louisiana, this 23rd day of June, 2022.

_____*S/Mark A. Delphin*_____